## FOWLER v. FISK et al.

Where a sale of a vessel is made, part cash, and the balance of the purchase money to be paid upon delivery by the vendor to the vendee of a good title and register of the vessel, to recover the balance the vendor must show an offer on his part to comply with the agreement.

APPEAL from the Twelfth District, County of San Francisco.

This was an action to recover an unpaid balance of the purchase money of a vessel. The facts appear in the opinion of the Court. Plaintiff had judgment, and defendants appealed.

*G. F. & W. H. Sharp* for Appellants.

I. The appellants ask for a reversal of the judgment, for that the delivery of a good title and register was made a condition precedent to the payment of the balance of $2,200 ; consequently the respondent's action was prematurely brought. Cunningham v. Morrell, 10 J. R. 203 ; Green v. Reynolds, 2 J. R. 207 ; McIntyre v. Clark, 7 Wend. Rep. 330 ; Northrup v. Northrup, 6 Cow. Rep. 276 ; Gaze v. Price, 16 John. Rep. 267 ; Rob v. Montgomery, 20 J. R. 203.

It is no answer to say, as was contended in the Court below, that title to a ship may pass by parole ; consequently the appellants had a good title without the bill of sale and register from the last owner. The answer to all this is, that respondent had agreed to give something more, and he was bound to do it.

II. Again : a good title and register to the vessel was to be given *" within ninety days,* and before the payment of the $2,200."

The time fixed upon was also of the *essence* of the contract. The respondent was not ready or willing at the time fixed to complete the sale, consequently the appellants could not be compelled to complete the agreement. Berry v. Young, 2 Exp. Ca. 640, note ; Benedict v. Lynch, 1 John. Ch. Rep. 370.

*Robert Rankin* for Respondent.

I. Where a sale is absolute and unconditional, as in this case, goods sold cannot be returned, but suit must be brought on the warranty.

" On sale with warranty, and warranty broken, plaintiffs might recover price, and defendants must sue on warranty, or recoup damages." Ruiz v. Norton, 4 Cal. R. 355.

" A promise to pay and a warranty are independent covenants, and the enforcement of one is not dependent on the performance of the other." Norton v. Jackson, 5 Cal. R. 60.

II. Defendants cannot resist payment of the price or claim damages till evicted.

" Want of title in the vendor of personal property is no defense to an action for the recovery of the purchase money, where there has been no recovery by the owner against the purchaser." Case v. Hall, 24 Wend. 102 ; Kennebec L. D. Co. v. Burrill, 6 Shep. 314.

III. " The purchaser of personal property cannot, while retaining possession of such property, resist the recovery of the purchase money by the vendor, on the ground of ownership in a third person at the time of sale." 3 U. S. Dig. 357, sec. 17.

" A purchaser in possession cannot reclaim the purchase money unless evicted or disturbed." Salmon v. Hoffman, 2 Cal. R. 138.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring.

Plaintiff sold defendants a vessel for $4,400, the possession of which vessel he delivered. At the time of sale the vessel was registered as the property of another, so that a proper transfer could not be made at the time. In consequence of this it was agreed that $1,000 of the purchase money should be paid in cash, $1,200 within twelve days, and the remaining $2,200 upon the delivery by plaintiff to defendants of a good title and register of the vessel. $1,200 was paid by the defendant as by agreement. No title or register has ever been delivered or tendered to the defendants ; nor is it shown that the plaintiff has ever been in a condition to make such title. The agreement between the parties was, that the money should be paid upon the delivery of the title ; and in order to entitle the plaintiff to recover, he must show an offer on his part to comply with the agreement. 1 Chitty Pleadings, 297.

Judgment reversed.